# IN THE COURT OF APPEALS OF IOWA

No. 22-1138
Filed September 21, 2022

**IN THE INTEREST OF L.L.-F. and L.L.-F.,**
**Minor Children,**

**L.F., Father,**
　　Appellant.
_____


Appeal from the Iowa District Court for Linn County, Carrie K. Bryner, District Associate Judge.


A father appeals the termination of his parental rights.  **AFFIRMED.**


Alexander S. Momany of Howes Law Firm, P.C., Cedar Rapids, for appellant father.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Katherine M. Hartman Eastvold, North Liberty, attorney and guardian ad litem for minor children.


Considered by Bower, C.J., and Tabor and Badding, JJ.

**BOWER, Chief Judge.**

L.F. challenges the termination of his parental rights regarding his children L.L.-F. and L.L.-F., born in 2014 and 2015. On our de novo review, *see In re W.M.*, 957 N.W.2d 305, 312 (Iowa 2021), we affirm.

In August 2020, the mother sent the children to the father in Ohio to avoid removal by the Iowa Department of Health and Human Services (DHHS). The father was on probation and parole at the time. No relationship or contact with the children had occurred for several years before the placement. During the five months the children were in his care, the father abdicated most child care to his girlfriend. The children did not regularly attend school nor receive necessary medical and dental care.

In December, the father tested positive for cocaine and, in January 2021, he assaulted his girlfriend in front of the children. The older child could clearly describe the assault and also tested positive by a hair stat for cocaine.

The mother and maternal grandmother brought the children back to Iowa. Custody of the children was removed from both parents and transferred to DHHS for placement with a relative. This arrangement was in effect at the time of the termination hearing.

The father participated in domestic-violence and anger-management classes and drug testing as part of his probation in Ohio, successfully completing his probation in February 2022. The father remarried, and the children met his new wife through video calls with their maternal grandmother, but DHHS was not informed. DHHS denied the father's subsequent request that his wife be allowed to participate in the supervised calls. At the time of the hearing, Ohio's human

services department had reported new concerns of domestic violence by the father and the children's younger half-sibling had been placed in foster care with the father's visits ordered to be fully supervised.

The children—young as they are—have told the DHHS worker they want to remain in their current placement where they feel safe. The older child has nightmares, has refused to attend video visits with the father at times, and refuses in-person visits. A witness testified the older child "struggles a lot after doing visits with [the father.]" The younger child shared he would "get whoopings all the time with the belt." The children have shown behavior issues in the past and are presently engaged in therapy.

The father asserts he was "not provided any reasonable opportunity or efforts to allow him to have any meaningful chance to reunify with his children."[1] He also briefly states the children could have been returned to his care, the court should have provided additional time for him to reunify with the children, and the court should have applied an exception to termination because the children were in the care of a relative.

The father's parental rights were terminated under Iowa Code section 232.116(1)(f) (2022).[2] The first three elements are clearly met—the children are

---

[1] The State noted in its response to the father's petition, "[T]he exact nature of the claims being made are unclear and not fully briefed, rendering many if not most of the below claims waived." We agree with this description. Counsel failed to identify the separate issues appealed or link what little argument is made to specific legal conclusions challenged.

[2] The court may terminate parental rights under section 232. 116(1)(f) when it finds:
    (1) The child is four years of age or older.
    (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.

over four years of age, were adjudicated children in need of assistance, and have been removed from the father's custody for more than a year. The father had no relationship with the children before their placement with him; when with him in Ohio, he did little care-taking or parenting of the children, and committed an assault in front of them. Their brief time with the father still causes them nightmares. He may have participated in treatment while on probation, but his lack of parenting skills was apparent from his testimony and the stories told by the children to service providers and others. We find the fourth element—the children cannot be returned to the father's custody—has been established by clear and convincing evidence.

In determining their best interests, we consider the children's safety and the best placement for their physical, mental, and emotional condition and needs. Iowa Code § 232.116(2). The father offers no reason termination is not in the children's best interests. He has no positive relationship with the children and failed to look after their physical, educational, and emotional needs when he had the opportunity to do so. The children are doing well in their current placement and an adoptive home is waiting. The children have told DHS and their guardian ad litem they now feel safe. Significant efforts to help the children and provide for their physical, mental, and emotional support have occurred. Termination of the father's parental rights and adoption is clearly in the children's best interests.

---

(3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
(4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

A parent has the responsibility "to object to services early in the process so appropriate changes can be made." *In re C.B.*, 611 N.W.2d 489, 493–94 (Iowa 2000). The only additional efforts the father requested were family therapy, in-person visits, and a home study. The home study could have been started earlier but was in progress at the time of the termination hearing—just awaiting the results of background checks of the father and his wife. The children's therapist had not yet approved family therapy with the father. Although DHS did try to arrange some in-person visits, these efforts were complicated by the father's distance and other reasons outside everyone's control. Under the circumstances of this case, reasonable efforts were provided.

The father also asked for additional time to achieve reunification with the children. The court may only grant an extension when it can "enumerate the specific factors, conditions, or expected behavioral changes" providing a basis to determine the children will be able to return to the parent at the end of the additional six months. Iowa Code § 232.104(2)(b). The father did not ask for an extension below, and no extension is warranted.

Finally, the father argues the court should apply an exception to termination under section 232.116(3) because the children are in the custody of a relative. Although placed with relatives, legal custody of the children remains with DHS. Therefore, the exception under section 232.116(3)(a) does not apply. *See In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014) ("Although section 232.116(3)(a) allows the juvenile court not to terminate when a 'relative has legal custody of the child,'

A.M. is not in the legal custody of her grandparents." (internal citation omitted)).

We affirm the termination of the father's parental rights.

**AFFIRMED.**